Filed 12/23/25  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSE FRANCISCO PEREZ,<br><br>  Defendant and Appellant. | F088209<br><br>(Super. Ct. No. BF191116A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Peña, J. and Harrell J.

A jury convicted defendant Jose Francisco Perez of possession of a firearm and ammunition by a convicted felon (Pen. Code,[1] §§ 29800, subd. (a)(1), 30305, subd. (a)(1)), maintaining a place for the unlawful sale of marijuana (Health & Saf. Code, § 11366), and possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b)). Defendant's appellate counsel makes no claim of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See also *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the relevant facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from him. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 3, 2022, personnel of the Department of Cannabis Control and other agencies executed a search warrant at an illegal marijuana dispensary in Bakersfield. Defendant was detained leaving the front of the dispensary with another individual.[2] Defendant had keys to the building when contacted. The keys were used to open the dispensary and to search a vehicle in the parking lot in which they found a timecard for "Jay P."

During the search, Department of Cannabis Control detectives forced open a safe in the employee area at the back of the dispensary and found a firearm, a nylon bag with a wallet containing defendant's identification, a lighter with the name "Jose," two magazines, and ammunition for the firearm. Other documents found in the dispensary

---

[1] Undesignated statutory references are to the Penal Code.

[2] The individual testified at trial that he was a customer of the dispensary and had walked out with an employee in response to the search.

included utility bills for July and August 2022 with the dispensary's address in defendant's name, a log indicating the strains and weights of cannabis sold including those sold by "Jose," timecards and schedules with the name "Jay P.," and list of restroom duties that included the name "Jay P."

Detectives also seized approximately 13.5 pounds of cannabis product, 10.5 pounds of cannabis flower, 22.35 pounds of cannabis edibles, 9.1 pounds of cannabis concentrates, and 11.15 pounds of cannabis smoking cartridges that were being offered for sale by the dispensary.

The prosecution presented evidence from two witnesses, testifying under grants of immunity, who identified defendant as an employee of the dispensary working at the time of the search warrant. The dispensary's delivery driver, present during the search, testified that during the preceding 10 days, defendant was there most days working as a bud tender,[3] had keys to let him into the dispensary most mornings, and was one of the primary individuals paying him. On the day of the search, defendant was the only employee present at the dispensary. Sometime later, defendant and some other workers took the delivery driver into the back room of the dispensary and threatened him not to testify, specifically telling him to leave town if needed.

A customer who was present during the search testified that he had been let into the dispensary by an employee who, after seeing detectives arrive on surveillance cameras, left with him. A detective testified that defendant was the individual who left the building with the customer.

Another individual, identifying herself as a customer of the dispensary on August 3, 2022, testified under a grant of immunity. She testified that defendant was a customer of the dispensary but let customers in and out of the dispensary, acting as a

---

**3**    Bud tenders are employees who operate behind the marijuana product display cases, assist customers in choosing marijuana, and accept payment.

doorman, and was the most recent individual to permit the dispensary to use their Cash App account to accept payments from customers. The owners paid defendant for use of his Cash App account. She testified that all dispensary workers had a key to the front door of the dispensary.

Defendant denied having ever worked for the dispensary, although he previously admitted he regularly let customers through the door and claimed he frequented the dispensary to smoke marijuana. Defendant testified that he had been to the dispensary the evening before the search and mistakenly took someone else's keys when he left intoxicated. The keys belonged to "Jay," and defendant had returned to the dispensary the day of the search to exchange the keys for his own. Additionally, he had surrendered his identification and wallet when entering the evening before per the dispensary's policy and forgot to retrieve them when he left. Defendant testified that he allowed the dispensary to place the utilities in his name in exchange for $250 and an ounce of marijuana but denied ever letting the dispensary access his Cash App account.

The District Attorney of Kern County filed an amended information April 18, 2024, charging defendant with evasion of payment of a cannabis excise tax (Rev. & Tax. Code, § 55363; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 3), maintaining a place for unlawful sale of marijuana (Health & Saf. Code, § 11366; counts 4, 9), possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b); counts 5, 11), engaging in a business without a permit by a seller (Rev. & Tax. Code, § 6071; count 6), failing to file a quarterly sales or use tax return (Rev. & Tax. Code, § 6452, subd. (c); count 7), practicing a marijuana dispensary without a license (Bus. & Prof. Code, § 16240; count 8), and possession of psilocybin for sale (Health & Saf. Code, § 11378; count 10). The amended information additionally alleged that defendant committed the offenses in counts 9 and 10 while on release for an earlier felony offense

(§ 12022.1) and several aggravating sentencing factors as to all counts (Cal. Rules of Court, rule 4.21(a)(10) & (b)(3), (4), (5)).

Defendant pleaded not guilty and denied all allegations. A jury convicted defendant of counts 2, 3, 4, and 5 on April 30, 2024, and found the aggravating factors true as to counts 2 through 4, but acquitted defendant of the remaining counts. The trial court sentenced defendant on June 17, 2024, to the upper term of three years as to count 2, a stayed (§ 654) two-year term as to count 3, a consecutive eight-month term as to count 4, and a concurrent 180-day term as to count 5.[4] Additionally, the court ordered defendant to pay various fees and assessments.

Appellant filed this timely appeal on June 17, 2024.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The judgment is affirmed.

---

[4] Additionally, the court revoked defendant's probation as to a prior case and sentenced him to a term of three years to be served concurrently to the instant offense.